IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN PINYAVAT, Derivatively on Behalf of Nominal Defendant GOODRX HOLDINGS, INC.<br><br>     Plaintiff,<br><br> v.<br><br>DOUGLAS HIRSCH, TREVOR BEZDEK, KARSTEN VOERMANN, CHRISTOPHER ADAMS, JULIE BRADLEY, DIPANJAN DEB, ADAM KAROL, JACQUELINE KOSECOFF, STEPHEN LESIEUR, GREGORY MONDRE, and AGNES REY-GIRAUD,<br><br>     Defendants,<br><br>and<br><br>GOODRX HOLDINGS, INC.,<br><br>     Nominal Defendant. | Case No. 1:21-cv-01309-MN |

**JOINT STIPULATION TO STAY ACTION**

WHEREAS, on September 15, 2021, Plaintiff Alan Pinyavat filed a shareholder derivative action on behalf of Nominal Defendant GoodRx Holdings, Inc. ("GoodRx" or the "Company") in this Court for alleged breaches of fiduciary duty, unjust enrichment, abuse of control, and gross mismanagement under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against defendants Douglas Hirsch, Trevor Bezdek, Karsten Voermann, Christopher Adams, Julie Bradley, Dipanjan Deb, Adam Karol, Jacqueline Kosecoff, Stephen LeSieur, Gregory Mondre and Agnes Rey-Giraud (the "Individual Defendants" and together with GoodRx, "Defendants") captioned *Pinyavat v. GoodRx Holdings, Inc.*, Case No. 1:21-cv-01309-MN (the "Delaware Derivative Litigation");

WHEREAS, Defendants accept service of the Complaint in the Delaware Derivative Litigation, but each Defendant expressly reserves all rights, defenses, or other objections other than insufficient process or insufficient service of process;

WHEREAS, on April 29, 2021, Plaintiff Neesha Patel filed a shareholder derivative action on behalf of Nominal Defendant GoodRx Holdings, Inc. ("GoodRx" or the "Company") in the Central District of California for alleged breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and contribution under Section 10(b) and 21D of the Exchange Act against the Individual Defendants captioned *Neesha Patel v. GoodRx Holdings, Inc., et al.*, Case No. 2:21-cv-03671-JEM (the "Patel Action");

WHEREAS, on May 5, 2021, Plaintiff Wayne Geist filed a separate shareholder derivative action on behalf of Nominal Defendant GoodRx in the Central District of California for alleged breaches of fiduciary duties and contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants, captioned *Geist v. Hirsch, et al.*, Case No. 2:21-cv-03829 ("the Geist Action");

WHEREAS, on November 2, 2021, the court consolidated the Patel Action and the Geist Action into the action captioned *In re GoodRx Holdings, Inc. Derivative Litigation*, Case No. 2:21-cv-03671-JEM (the "Consolidated Derivative Action");

WHEREAS, on July 22, 2021, Lead Plaintiffs in the matter captioned *Terenzini v. GoodRx Holdings, Inc.*, Case No. 2:20-cv-11444-DOC-PD, pending in the Central District of California, filed a Corrected Consolidated Complaint alleging that Defendants GoodRx, the Individual Defendants, and certain underwriter defendants (together, the "Securities Litigation Defendants") violated the Securities Act of 1933 and the Securities Exchange Act of 1934 (the "Securities Litigation") (ECF No. 76);

WHEREAS, on August 6, 2021, the Securities Litigation Defendants filed a motion to dismiss for failure to state a claim in the Securities Litigation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the anticipated motion to dismiss in the Securities Litigation is decided, discovery in the Securities Litigation will be stayed;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative Action and the Securities Litigation, and in light of the automatic stay of discovery under the PSLRA, that the Delaware Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until: (i) entry of an order finally resolving the motion to dismiss in the Securities Litigation and the exhaustion of all related appeals related; or (ii) any of the Parties to this Stipulation gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action;

WHEREAS, if during the pendency of the stay of this Litigation Defendants provide documents to: (i) plaintiffs in the Securities Litigation for any purpose (either litigation, mediation or settlement discussions); (ii) any plaintiff in any derivative action (either litigation, mediation or settlement discussions); or (iii) any shareholder pursuant to any inspection demand pursuant to a Delaware Section 220 demand, Defendants agree to provide the same documents to Plaintiff in this Action on the same terms they are provided to the respective plaintiff and/or shareholder referenced above in this paragraph, subject to the terms and conditions of an appropriate protective order to be negotiated for this Delaware Derivative Litigation;

WHEREAS, during the pendency of this stay, Defendants shall advise Plaintiff of any mediation with the plaintiff(s) in the Securities Litigation and endeavor in good faith to include Plaintiff in any such mediation. In the event that Plaintiff is not able to participate, then Defendants will agree to mediate with Plaintiff in regard to the derivative claims on a date close to the mediation in the Securities Litigation. If Defendants engage in mediation or formal settlement talks regarding the same facts as those alleged in the Action with any Company shareholder, Defendants agree to endeavor in good faith to include Plaintiff in any such mediation or formal settlement talks; and

WHEREAS, the Parties agree that this Stipulation is made in full reservation of and without waiver or prejudice of any rights, claims, objections, defenses, arguments, and motions in relation to the complaint filed in this Delaware Derivative Litigation (or any subsequently filed complaint), whether jurisdictional, procedural, substantive or otherwise, that any party may have, including but not limited to the right to challenge the District of Delaware as the proper venue or forum for the Delaware Derivative Litigation.

IT IS HEREBY STIPULATED AND AGREED by the Parties and their undersigned counsel as follows:

1.  The Delaware Derivative Litigation shall be stayed until: (i) the entry of an order finally resolving the motion to dismiss the amended complaint in the Securities Litigation and the exhaustion of all appeals; or (ii) any of the Parties to this Stipulation gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action. Such a stay will promote the efficient and orderly administration of justice by coordinating the prosecution of the Delaware Derivative Litigation and the Securities Litigation.

2.  Notwithstanding this voluntary stay of the Delaware Derivative Litigation, Plaintiff may file an amended complaint. Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings. If the stipulated stay of proceedings is lifted, within thirty (30) days of the termination of the stay, Plaintiff shall provide written notice to counsel for Defendants whether Plaintiff will file an unopposed motion to amend the operative complaint. If Plaintiff elects not to amend the operative complaint, Defendants shall have thirty (30) days from receipt of Plaintiff's written notice to move to dismiss or otherwise respond to the operative complaint. If Plaintiff elects to file an unopposed motion to amend his complaint, Defendants shall have sixty (60) days from the date the amended complaint is filed to move to dismiss or otherwise respond to the operative complaint.

3.  Within twenty-one (21) days following the lifting of the stay in accordance with the provisions of this stipulation, the Parties will submit a proposed schedule to the Court regarding Defendants' response to the complaint in the Delaware Derivative Litigation.

4.  All deadlines, hearings, or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties, or as otherwise set by the Court.

| | |
|---|---|
| **COOCH AND TAYLOR P.A.** | **RICHARDS, LAYTON & FINGER, P.A.** |
| /s/ *Blake A. Bennett* | /s/ *Raymond J. DiCamillo* |
| Blake A. Bennett (#5133)<br>The Nemours Building<br>1007 N. Orange Street<br>Suite 1120<br>Wilmington, Delaware 19801<br>(302) 984-3800<br>bbennett@coochtaylor.com | Raymond J. DiCamillo (#3188)<br>Robert L. Burns (#5314)<br>920 North King Street<br>Wilmington, Delaware 19801<br>Tel: (302) 651-7700<br>dicamillo@rlf.com<br>burns@rlf.com |
| **LIFSHITZ LAW FIRM, P.C.** | **LATHAM & WATKINS LLP** |
| Joshua M. Lifshitz<br>1190 Broadway<br>Hewlett, New York 11557<br>(516) 493-9780<br>jml@jlclasslaw.com | Michele D. Johnson<br>Jordan D. Cook<br>650 Town Center Drive<br>20th Floor<br>Costa Mesa, California 92626<br>Tel: (714) 540-1235<br>michele.johnson@lw.com<br>jordan.cook@lw.com |
| *Attorneys for Plaintiff Alan Pinyavat* | Colleen C. Smith<br>12670 High Bluff Drive<br>San Diego, California 92130<br>Tel: (858) 523.5400<br>colleen.smith@lw.com |
| Dated:  December 21, 2021 | *Attorneys for Defendants GoodRx Holdings, Inc., Douglas Hirsch, Trevor Bezdek, Karsten Voermann, Christopher Adams, Julie Bradley, Dipanjan Deb, Adam Karol, Jacqueline Kosecoff, Stephen Lesieur, Gregory Mondre, and Agnes Rey-Giraud* |

IT IS SO ORDERED, this 21st day of December 2021.

_____
The Honorable Maryellen Noreika
United States District Judge